UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SOUTHEASTERN HISPANIC
REGION OF THE CHURCH OF
GOD OF PROPHECY, INC.,

      Plaintiff,

v.                               Case No: 6:21-cv-933-CEM-EJK

CHURCH MUTUAL INSURANCE
COMPANY S. I.,

      Defendant.

## ORDER

This cause comes before the Court on the following Motions:

1. Defendant's Motion to Strike Plaintiff's Untimely Disclosed Expert, or, in the Alternative, Motion for Leave to Disclose Rebuttal Expert (Doc. 43), filed February 15, 2023;

2. Plaintiff's Motion to Extend Discovery Deadlines (Doc. 44), filed February 15, 2023; and

3. Defendant's Motion to Strike Plaintiff's Untimely Expert Witness Disclosure, or, in the Alternative, Motion for Leave to Disclose Rebuttal Expert (Doc. 48), filed March 3, 2023.

All opposition papers have been filed and the Motions are ripe for the Court's review. (Docs. 45, 46, 49.) Upon consideration, the Court finds that Plaintiff's untimely disclosed expert and the corresponding expert witness disclosure are due to be stricken,

and the Court declines to extend the deadlines requested by Plaintiff.

## I.  BACKGROUND

Defendant removed this action from the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida to this Court on May 28, 2021. (Doc. 1.) This case arises from an insurance dispute between the parties. (*See* Doc. 1-1.) Plaintiff alleges that it held a property insurance policy issued by Defendant and that Defendant failed to cover Plaintiff's roof damage sustained during Hurricane Irma in September 2017. (*Id.* at 3). Following denial of coverage, Plaintiff filed this lawsuit alleging a breach of contract claim and a declaratory relief claim. (*Id.* at 4–10.)

On February 15, 2023, Defendant filed its Motion to Strike, stating that "[t]hree months after the expert witness disclosure deadline, more than a month after the discovery cut-off and the day after the dispositive motion deadline, Plaintiff served Amended Initial Disclosures, disclosing, for the first time, a general contracting expert and new damage estimate regarding Plaintiff's Hurricane Irma claim." (Doc. 43 at 1.) Also on February 15, 2023, Plaintiff filed its Motion to Extend Discovery Deadlines, requesting that the Court extend the expert report disclosure deadlines, the discovery deadline, and the dispositive motions and *Daubert* motions deadlines (but not the trial date). (Doc. 44 at 1–2.) On February 24, 2023, nine days after Defendant filed its Motion to Strike, Plaintiff served its Expert Witness Disclosures, identifying its general contracting expert, Corey Lance, and his damage estimate regarding Plaintiff's Hurricane Irma claim. (Doc. 48 at 1.) Also relevant to these issues, Defendant has filed a Motion for Summary Judgment, which recently became ripe on March 17, 2023

(Docs. 42, 50), and this case is set for trial on the Court's July 2023 docket. (Doc. 15.)

## II. MOTIONS TO STRIKE

### A. Standard

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Such disclosures must include a "written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).

If a party fails to provide information or identify a witness under Rule 26(a), then the party is not allowed to use that information or witness to supply evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Substantial justification exists if there is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Hewitt v. Liberty Mut. Grp., Inc.*, 268 F.R.D. 681, 682 (M.D. Fla. 2010) (quotation and citation omitted). A harmless failure to disclose exists "when there is no prejudice to the party entitled to receive the disclosure." *Id.* at 683.

The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1). *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06-cv-00040-T-33MAP, 2009 WL 92826, at

\*3 (M.D. Fla. Jan.14, 2009). In determining whether a failure to disclose evidence is substantially justified or harmless, courts are guided by the following factors: (1) the surprise to the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence. *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1250–51 (M.D. Fla. 2012).

### B. Analysis

Plaintiff's untimely expert witness disclosure was neither substantially justified nor harmless. The Court's Case Management and Scheduling Order (the "CMSO") set the deadline for Plaintiff's disclosure of expert reports as November 8, 2022. (Doc. 15.) Additionally, the undersigned notes that the discovery deadline was set for January 6, 2023, and the dispositive and *Daubert* motions deadline was set for February 7, 2023. (*Id.*) Defendant asserts that on February 8, 2023, Plaintiff served Amended Initial Disclosures, disclosing general contractor, Mr. Lance, pursuant to Rule 26(a)(1)(A)(i), and an estimate prepared by Mr. Lance dated August 24, 2022, pursuant to Rule 26(a)(1)(A)(ii). (Docs. 43; 43-1 at 2.) Plaintiff then served its Expert Witness Disclosure on February 24, 2023. (Doc. 46 at 5.)

Plaintiff does not dispute that his expert disclosure of Mr. Lance is over three months late, although Plaintiff attempts to justify the late disclosure. (Doc. 46 at 2–5.) Plaintiff's Attorney, David R. Terry, Jr., explains in an affidavit that Plaintiff engaged Mr. Lance to prepare an estimate of Plaintiff's damages claim, which Mr. Lance

completed in August 2022. (Doc. 46-1 ¶¶ 6, 7.) Attorney Terry then avers,

> Soon after receiving this estimate and in compliance with the court's Case Management and Scheduling Order [D.E. 15] in disclosing expert reports by November 8, 2022, I instructed [my paralegal] that she forward this estimate and Mr. Lance's curriculum vitae to Defendant's counsel and was led to believe that she, in fact, had promptly done so.

(*Id.* ¶ 8.) It was not until February 8, 2023, when Attorney Terry was conferring with Defendant's counsel about this case that he realized Plaintiff had not disclosed Mr. Lance as an expert. (*Id.* ¶¶ 9–11.)

Plaintiff characterizes this oversight as an honest mistake amounting to excusable neglect. And while the undersigned does not doubt that this was an unfortunate and honest oversight on Plaintiff's part, a delay of over three months in realizing the mistake is not substantially justified, nor has Plaintiff explained it away. This Court has held that similar errors, such as calendaring errors, do not amount to substantial justification to avoid the striking of an expert's disclosure. *See, e.g.*, *Roberts v. Wright Nat'l Flood Ins. Co.*, No. 6:18-cv-1904-Orl-37LRH, 2020 WL 3035230, at *2 (M.D. Fla. Apr. 27, 2020). Plaintiff fails to provide the Court with any explanation— other than a busy law practice—as to why three months passed without realizing this mistake, particularly given a discovery deadline of January 2023.

As to the harm caused by the late disclosure, Defendant asserts that Plaintiff's Corporate Representative testified that Plaintiff was relying on the damage estimate prepared by its public adjuster as the measure of damages being claimed. (Doc. 43 at 8–10.) Defendant then states it made a "strategic decision" not to disclose a general

contracting expert witness based on the testimony of Plaintiff's Corporate Representative and Plaintiff's public adjuster, and the fact that Plaintiff did not have a general contracting expert. (*Id.* at 9.) Finally, Defendant posits that this untimely disclosure is not harmless because the newly disclosed expert intends to testify as to damages and was not disclosed until after the dispositive motion deadline and after Defendant had filed such a motion. (*Id.* at 10.) Defendant asserts that much of its case preparation to date would be rendered obsolete if Plaintiff is allowed to proceed with this expert. (*Id.*)

Due to Plaintiff's untimely disclosure, the discovery deadline has closed, and Defendant cannot depose Plaintiff's expert witness or challenge the admissibility of the testimony through a *Daubert* motion. Moreover, it has not disclosed its own expert on the topic because Plaintiff did not timely disclose one. Finally, Defendant has moved for summary judgment, which is already ripe for the Court's review. With trial scheduled for the Court's July 2023 trial term, there is simply insufficient time remaining to allow Defendant to disclose a new expert, to schedule additional deposition time for both experts, to allow the parties to re-do and re-file any motions for summary judgment and *Daubert* motions, and to afford the Court sufficient time to review and rule on these motions prior to trial.

In balancing the asserted surprise and prejudice to Defendant with the importance of the evidence to Plaintiff, the Court cannot say the balance weighs in favor of Plaintiff. *See, e.g.*, *Roberts*, 2020 WL 3035230, at *2 (granting the motion to strike expert witnesses where belated disclosure meant defendant could not "depose

Plaintiff's expert witnesses or challenge the admissibility of their testimony through a *Daubert* motion"); *United States v. Marder*, 318 F.R.D. 186, 191 (S.D. Fla. 2016) (striking expert testimony and denying request to reopen discovery because "[r]eopening discovery at this stage in order to accommodate the Marder Defendants' untimely and incomplete expert reports—with depositions to follow—would not only serve to reward the Marder Defendants for their indolence, but thoroughly prejudice the Government's preparation for trial" (footnote omitted)). Accordingly, because Plaintiff's late disclosure was neither substantially justified nor harmless, it is due to be stricken.

### III. MOTION TO EXTEND DISCOVERY DEADLINE

#### A. Standard

The CMSO can be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "When a deadline appears in a scheduling order and a motion is filed after the deadline, 'Rule 16 is the proper guide for determining whether a party's delay may be excused.'" *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018) (unpublished) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note).

### B. Analysis

The Court does not find good cause to justify the requested extension of the discovery deadlines. Plaintiff asserts that an extension of time of the expert report disclosure deadline, the discovery deadline, and the dispositive and *Daubert* motions deadline is sought "in light of discovery that remains to be completed, the schedules of the involved parties, as well as the respective witnesses." (Doc. 44 at 5.) Plaintiff then asserts in conclusory fashion that it has acted diligently to coordinate and conduct all discovery to date, asserting that it requested deposition dates from Defendant on several occasions in 2022. (*Id.* at 3, 5.)

By this explanation, Plaintiff has not established diligence. This case has been pending since May 2021. (Doc. 1.) The parties were given nearly a year and a half to accomplish discovery. (Docs. 1, 15.) And while Plaintiff says it requested deposition dates from Defendant beginning in January 2022, it did not act diligently in setting those witnesses for depositions. *See Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 686 (11th Cir. 2013) (unpublished) (finding the district court did not abuse its discretion in denying an extension of the discovery deadline where plaintiff considerably delayed beginning the discovery process). Additionally, as stated *supra*, Plaintiff fails to address the impact of an extension of the requested deadlines on the trial date. Accordingly, the Court will not extend the deadlines as requested in Plaintiff's Motion.

## IV. CONCLUSION

Upon consideration, it is **ORDERED** as follows:

1. Defendant's Motion to Strike Plaintiff's Untimely Disclosed Expert, or, in the Alternative, Motion for Leave to Disclose Rebuttal Expert (Doc. 43) is **GRANTED**;

2. Defendant's Motion to Strike Plaintiff's Untimely Expert Witness Disclosure, or, in the Alternative, Motion for Leave to Disclose Rebuttal Expert (Doc. 48) is **GRANTED**; and

3. Plaintiff's Motion to Extend Discovery Deadlines (Doc. 44) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE